**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

| | | |
|---|---|---|
| HENRY JAMES WIMBERLY, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | CASE NO. 6:05-CV-41 (WLS) |
| | * | 42 U.S.C. § 1983 |
| CARLTON POWERS, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**REPORT AND RECOMMENDATION**

Before the court is Defendant Nancy Hinkle's Motion to Dismiss. Plaintiff was notified of his right to respond to Defendant's Motion but, to date, has failed to file a response to said Motion.

**LEGAL STANDARDS FOR MOTION TO DISMISS**

For a motion to dismiss to be granted, plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless

of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984) and *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 101-02, 2 L. Ed.2d 80 (1957).

## DISCUSSION

Section 1983 of Title 42 of the United States Code states, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to prevail, the Plaintiff must establish both that the Defendant deprived him some constitutionally prescribed right and that the deprivation occurred under color of state law. *See Arrington v. Cobb County,* 139 F.3d 865, 872 (11th Cir.1998).

A successful § 1983 action requires that the plaintiff show he was **deprived of a federal right by a person acting under color of state law**. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers, Inc v. Brooks*, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978))(emphasis added). The Supreme Court has

repeatedly insisted that, "the under-color-of-state-law element of 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. V. Sullivan*, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985 (1999) (citations omitted).

At the time of the filing of this complaint, Plaintiff was an inmate at the Thomas County Jail.  He filed this civil action pursuant to 42 U.S.C. § 1983, complaining about medical treatment he received at the Jail after he was bit by what he claimed was a brown recluse spider.  In his Complaint, the Plaintiff makes reference to an article written in the *Thomasville Times Enterprise,* in response to allegations of spider bites at the Thomas County Jail, in which Defendant Hinkle, an entomologist employed by the University of Georgia, was quoted regarding the habits of brown recluse spiders.  The Plaintiff, however, makes no other mention of this Defendant except some allegations that she lied when she gave her quote to the newspaper in a Motion to File Sue (R-4) filed by the Plaintiff on Augu 10, 2005.

Because the Plaintiff has failed to establish what, if any, constitutional right the Defendant  may have violated, in either his complaint or any other pleading, Plaintiff's claims are found to be without any arguable basis in law. Furthermore, Defendant, a private citizen, was not acting under color of state law, was not acting on behalf of the Thomas County Jail, and was not even employed by the Jail when this action accrued.  Thus, Plaintiff's pleadings evidence that there exists no set of facts which would entitle him to relief.

**ACCORDINGLY, IT IS THE RECOMMENDATION** of the United States Magistrate Judge that Defendants' Motion to Dismiss be granted for failure to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 16th day of February, 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

sWe