IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| HENRY JAMES WIMBERLY, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | CASE NO. 6:05-CV-41 (HL) |
| | * | 42 U.S.C. § 1983 |
| CARLTON POWERS, *et al.*, | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Before the court is Defendant Dixon Exterminating Company, Inc.'s Motion to Dismiss or in the alternative Motion for Summary Judgment. Plaintiff was notified of his right to respond to Defendant's Motion and did so on November 1, 2005.

## LEGAL STANDARDS FOR MOTION TO DISMISS

For a motion to dismiss to be granted, plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless

of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984) and *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 101-02, 2 L. Ed.2d 80 (1957).

## DISCUSSION

Section 1983 of Title 42 of the United States Code states, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to prevail, the Plaintiff must establish both that the Defendant deprived him some constitutionally prescribed right and that the deprivation occurred under color of state law. *See Arrington v. Cobb County,* 139 F.3d 865, 872 (11th Cir.1998).

A successful § 1983 action requires that the plaintiff show he was **deprived of a federal right by a person acting under color of state law**. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers, Inc v. Brooks*, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978))(emphasis added). The Supreme Court has

repeatedly insisted that, "the under-color-of-state-law element of 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. V. Sullivan*, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985 (1999) (citations omitted).

At the time of the filing of this complaint, Plaintiff was an inmate at the Thomas County Jail. He has filed this civil action pursuant to 42 U.S.C. § 1983, complaining about medical treatment he received at the Jail after he was bit by what he claimed was a brown recluse spider. In his Response to Defendant's Motion to Dismiss, the Plaintiff argues that Defendant Dixon was the exterminator who treated the Jail at which he was injured. In its Motion, however, Dixon stated that although it did have a contract with the Thomas County Board of Commissioners from 1997 to 1998 and again from 1999 to 2000, it has not treated the Thomas County Jail since that time. (R- 26, p. 5).

Because the Plaintiff has failed to establish what, if any, constitutional right the Defendant may have violated, in either his complaint or the response to the motion to dismiss, Plaintiff's claims are without an arguable basis in law. Furthermore, Defendant, a private business, was not acting under color of state law when this action accrued. Thus, Plaintiff's pleadings evidence that there is no set of facts which would entitle him to relief

**ACCORDINGLY, IT IS THE RECOMMENDATION** of the United States Magistrate Judge that Defendants' Motion to Dismiss be granted for failure to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 16th day of February, 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE