**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**THOMASVILLE DIVISION**

| | | |
|---|---|---|
| HENRY JAMES WIMBERLY, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 6:05-CV-41 (WLS) |
| | * | 42 U.S.C. § 1983 |
| CARLTON POWERS, *et al.*, | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

On August 10, 2005, Plaintiff filed the above-styled civil action pursuant to 42 U.S.C. § 1983, complaining about medical treatment he received at the Jail after he was bit by what he claimed was a brown recluse spider. On September 11, 2006, the Court granted Motions for Summary Judgment in favor of Defendants Thomas County, Thomas County Jail, and Defendant Carlton Powers in his official capacity. (R-76). The Court further granted summary judgment relief as to each Defendant regarding the deliberate indifference claims alleged by the Plaintiff. *Id.* The Court then denied Defendant John Richards' Motion for Summary Judgment as to the claims against him in his official capacity. *Id.* To that end, the court allowed Defendant Richards to file a second Motion for Summary Judgment with the court, to which the Plaintiff was given an opportunity to respond.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 56, which deals with motions for summary judgment provides, in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R. .Civ. P. 56 (c); Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this

burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991).

## DISCUSSION

Section 1983 of Title 42 of the United States Code states, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action

3

> brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to prevail, the Plaintiff must establish both that the Defendants deprived him some constitutionally prescribed right and that the deprivation occurred under color of state law. *See Arrington v. Cobb County,* 139 F.3d 865, 872 (11th Cir.1998).

A successful § 1983 action requires that the plaintiff show he was deprived of a federal right by a person acting under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers, Inc v. Brooks*, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978))(emphasis added). The Supreme Court has repeatedly insisted that, "the under-color-of-state-law element of 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. V. Sullivan*, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985 (1999) (citations omitted).

At the time of the filing of this complaint, Plaintiff was an inmate at the Thomas County Jail. He filed this civil action pursuant to 42 U.S.C. § 1983, complaining about medical treatment he received at the Jail after he was bit by what he claimed was a brown recluse spider. The relevant issue currently before the Court is whether Defendant Richards is entitled to judgment as a matter of law regarding claims made against him in his official capacity as a deputy sheriff.

The Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced

or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." To determine whether a defendant is immune from liability under the Eleventh Amendment, the Eleventh Circuit Court of Appeals has held that "...a defendant need not be labeled a "state officer" or "state official," but instead need only be acting as an "arm of the State," which includes agents and instrumentalities of the State." *Manders v. Lee,* 338 F.3d 1304, 1308 -1309 (11th Cir. 2003); citing *Regents of the Univ. of Cal. v. Doe,* 519 U.S. 425, 429-30, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997). The Court, in *Manders*, set out the four factor test used to ascertain whether an entity is an "arm of the State" in carrying out the function at issue: "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." *Manders* at 1309; citing *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm.,* 226 F.3d 1226, 1231-34 (11th Cir.2000); *Shands Teaching Hosp. & Clinics v. Beech St. Corp.,* 208 F.3d 1308, 1311 (11th Cir.2000) ; *Tuveson v. Fla. Governor's Council of Indian Affairs, Inc.,* 734 F.2d 730, 732 (11th Cir.1984).

Because the decision in *Manders* is controlling as to the instant case, the four factor test as laid out in that decision must be utilized. This Court, then, is required to review how the Georgia Constitution defines a sheriff's duties, to what extent the state controls the sheriff's duties, from where the sheriff derives his funds and, finally, where the responsibility for judgements against the sheriff lies. Georgia's Constitution, in article IX, § 1, paragraph 3(a) and (b) states that it provides the state legislature the sole authority to establish and

5

control a sheriff's powers and responsibilities. *See*, Ga. Const. art. IX, § 1, ¶ 1(c)(1). The Court in *Manders,* in analyzing a Georgia case, found that Georgia law defines a sheriff's functions as being controlled and granted by the State. *Manders v. Lee,* 338 F.3d 1304, 1304 (11th Cir. 2003). The Court held that the sheriff's office was independent from the county and it's "governing authority." *Id.* The Court, in a detailed analysis of this issue, went on to find that in Georgia, depending on what function is at issue, the sheriff's duties are directed by the state, and thus, the sheriff acts as an arm of the state with regard to those functions. *Id.*

The *Manders* Court noted that there are three principal areas wherein the State has specifically authorized the sheriff to act. Those areas include functions with regard to law enforcement, state courts and corrections. *Id.* Based on the analysis found in *Manders*, where a sheriff is performing his official and authorized duties as a state actor, he is entitled to Eleventh Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against him in his official capacity. *See Purcell v. Toombs County*, 400 F.3d 1313, 1325 (11th Cir. 2005) (concluding that a Georgia Sheriff "functions as the arm of the State [not the County] when promulgating policies and procedures governing conditions of confinement" at a county jail, and, therefore, the Sheriff was "entitled to Eleventh Amendment immunity from [a] suit [for money damages] in his official capacity").

The Eleventh Circuit also acknowledged that Georgia Courts have concluded that sheriff's deputies are employees of the sheriff and not the county. *Grech v. Clayton County*,

335 F.3d 1326, 1342 (11th Cir. 2003); citing *Lowe v. Jones*, 231 Ga. App. 372, 373, 499 S.E.2d 348 (1998) (additional citations omitted). In a line of cases interpreting *Manders*, the courts in this circuit have determined that when a sheriff is acting as an arm of the state, his deputies are also entitled to Eleventh Amendment Immunity. *See Slater v. Henderson*, 2006 WL 1517068, p.1 (M.D. Ga. 2006) (". . . finding that the Eleventh Amendment and the State's sovereign immunity bar Plaintiff's claims against [an investigator with the Sheriff's Department] in his official capacity."); *Bunyon v. Burke County*, 306 F.Supp.2d 1240, 1255 (S.D. Ga. 2004)(after it was determined that the Sheriff was entitled to Eleventh Amendment Immunity, the factors of *Manders* were applied to the Sheriff's deputies to determine that they were are also entitled to Eleventh Amendment Immunity.); *Mladek v. Day*, 293 F.Supp.2d 1297, 1304 (M.D. Ga. 2003) (Sheriff and deputy, sued for excessive force during and after an arrest, were "entitled to official immunity under Eleventh Amendment for any claims brought against them in their official capacity."); and *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1527 (finding that "the sheriff's Eleventh Amendment immunity also extends to deputy sheriffs because of their traditional function under Alabama law as the sheriff's alter ego."). Pursuant to the foregoing law, therefore, any claims against Defendant Richards in his official capacity as a deputy sheriff must fail.

**ACCORDINGLY**, because it appears that Defendant Richards is entitled to judgment as a matter of law as to any claims made against him in his official capacity, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that the Motion for Summary Judgment filed on his behalf be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff

may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 22nd day of January, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw