# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| HENRY JAMES WIMBERLY, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 6:05-CV-41 (WLS) |
| | * | 42 U.S.C. § 1983 |
| CARLTON POWERS, *et al.*, | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

On August 10, 2005, Plaintiff filed the above-styled civil action pursuant to 42 U.S.C. § 1983, complaining about medical treatment he received at the Jail after he was bit by what he claimed was a brown recluse spider. On September 11, 2006, the Court granted Motions for Summary Judgment in favor of Defendants Thomas County, Thomas County Jail, and Defendant Carlton Powell[1] in his official capacity. (R-76). The Court further granted summary judgment relief as to each Defendant regarding the deliberate indifference claims alleged by the Plaintiff. *Id.* The Court then ordered further review of the Motion for Summary Judgment as to claims against Defendant Powell and Defendant Richards in their individual capacities. *Id.* To that end, the court allowed the Defendants to file supplemental arguments with the court, to which the Plaintiff was given an opportunity to respond.

---

[1] Defendant Powell is incorrectly listed as Carlton Powers, but will hereinafter be referred to Defendant Powell.

## LEGAL STANDARDS

For a motion to dismiss to be granted, Plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id. See also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) and *Conley v. Gibson*, 355 U.S. 41 (1957).

## DISCUSSION

At the time of the filing of this complaint, Plaintiff was an inmate at the Thomas County Jail. He filed this civil action pursuant to 42 U.S.C. § 1983, complaining about medical treatment he received at the Jail after he was bit by what he claimed was a brown recluse spider. The relevant issue currently before the Court is whether Defendants Powell and Richards' Motion to Dismiss regarding claims made by Plaintiff against them in their individual capacities should be granted.

With regard to the Plaintiff's claim, this Court has already determined that Defendant Powell, as the Sheriff of Thomas County, was performing his duties as authorized by Georgia state law. Thus, Defendant Powell was immune to suit in his official capacity under the Eleventh Amendment and Sovereign immunity and was granted judgment as a matter of law in his official capacity.

The Defendants claims that they are entitled to qualified immunity in their individual capacity for their actions in this case as well. Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established right of which a reasonable person would have known. In sum, qualified immunity is a guarantee of fair warning. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir.). The Supreme Court has held that in a case against an officer in which the Plaintiff alleges a violation of his constitutional rights, the two requirements of this defense must be analyzed in the appropriate succession. *Suacier v. Katz*, 121 S.Ct. 2151, 2155 (2001). The first question is whether "[T]aken in the light most favorable to the party asserting the injury, do the facts show that the officer's conduct violated a constitutional right?" *Saucier* at 2156; *Seigert v. Gilley*, 500 U.S. 226, 232 (1991). On the facts of the case should they be established, if it is possible that a jury could find that a constitutional deprivation had occurred, the Court must then decide whether the right violated was clearly established at the time of the alleged wrongful acts. *Id.* at 2156. "The contours of the right must be sufficiently clear that a reasonable official would understand that he was doing violates that right." *Id.*

In the instant case, the Plaintiff claims that the Defendants were deliberately indifferent to his medical needs after he was bitten by what he claims was a brown recluse spider. In its Order of September 11, 2006, the Court granted summary judgment in favor of the Defendants as to any claims of deliberate indifference, finding that the evidence presented by the Defendants established that Plaintiff did, in fact, receive adequate medical care after he was injured in this case. (R-76). As such, the Plaintiff cannot show that any of his constitutional rights were violated.

In *Saucier v. Katz,* cited *supra,* the Supreme Court held that if none of the Plaintiff's constitutional rights were violated had the allegations been established, "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001). Here, such is the case. The Plaintiff has failed to prove that any the rights guaranteed to him through the United States Constitution were violated by the Defendants in their treatment of his wounds. Therefore, no more analysis is required. As such, it appears that Defendant Powell and Richards are entitled to summary judgment as to any claims made against them in their individual capacities.

Also pending in this case are several motions filed by the Plaintiff. Pursuant to the foregoing, however, it is RECOMMENDED that Plaintiff's Motion to Appoint Counsel (R-75), Motion for Objections to Order or Rulings of Termination (R-82), Motion for Second Enter of Documents 9 (R-96), Motion to Reply and Object to Defendants' Response (R-103), and Motion for Objection to Defendants' Dismissal of Plaintiff's Complaint (R-105) be DENIED as moot.

**WHEREFORE, IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** and that all pending motions be **DENIED as moot**. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the United States District Judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy hereof.

**SO RECOMMENDED**, this 31st day of January, 2007.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw