**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

HENRY JAMES WIMBERLY, JR., :
:
    Plaintiff, :
:
v. : 6:05-cv-41 (WLS)
:
CARLTON POWERS, et. al., :
:
    Defendants. :
:

## **ORDER**

    Before the Court is a Recommendation from United States Magistrate Judge G. Mallon Faircloth filed January 31, 2007, recommending that Defendants' Motion to Dismiss (Doc. 92) be granted. (Doc. 106). It is further recommended that Plaintiff's Motion to Appoint Counsel (Doc. 75), Plaintiff's Motion on Objections (Doc. 82), Plaintiff's Motion for Second Entry of Documents (Doc. 96), Plaintiff's Motion to Reply (Doc. 103), and Plaintiff's Motion for Objection (Doc. 105) be denied as moot. (Doc. 106). Plaintiff filed a timely objection on February 20, 2007. (Doc. 112). Defendants filed a timely response to Plaintiff's objection on March 6, 2007. (Doc. 114).

    It was noted that Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging inadequate medical care and attention, as well as deliberate indifference, on the part of Defendants after he was bitten by what he claims was a brown recluse spider. (Doc. 106). It was further noted that Plaintiff brings the instant action against Defendants in their individual, as well as official capacities. *Id*. The subject Recommendation reviews Defendants' Motion to Dismiss (Doc. 92), which seeks dismissal of this action as against Defendants in their individual capacities. (Doc. 106).

    Relying upon the Court's earlier findings that the evidence presented in this case establish that Plaintiff did in fact receive adequate medical care after he was injured, (Doc. 76), it was found that Plaintiff cannot rely upon allegations regarding the adequacy of said medical care as basis for a claim that his constitutional rights were violated. (Doc. 106). Thereafter, relying upon Saucier v. Katz, 121 S.Ct. 2151 (2001), it was found that where none of Plaintiff's constitutional rights can be found to have been violated if the allegations are established, "there is no necessity for further inquiries concerning qualified

-1-

immunity" of Defendants from suit in their individual capacities. (Doc. 106). It was subsequently found that Plaintiff "failed to prove that any [of] the rights guaranteed to him [by] the United States Constitution were violated by the Defendants in their treatment of his wounds." *Id*. It is therefore recommended that Defendants' Motion to Dismiss (Doc. 92) be granted.[1] (Doc. 106).

In his objection, Plaintiff reasserts facts and arguments made in response to Defendants' Motion; the same which were adequately reviewed and addressed by the Magistrate Judge in his Recommendation. (Doc. 112; *see also* Docs. 96, 98). In his response to Plaintiff's objection, Defendants submit that they agree with the Recommendation. (Doc. 114). Upon review and consideration, the Court finds that Plaintiff's objections are without merit. Accordingly, said objections are **OVERRULED**.

Upon full review and consideration upon the record, the Court finds that said Recommendation (Doc. 106) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made and conclusions reached herein. Accordingly, Plaintiff's Motion to Appoint Counsel (Doc. 75) is **DENIED AS MOOT**; Plaintiff's Motion on Objections (Doc. 82) is **DENIED AS MOOT**; Defendants' Motion to Dismiss (Doc. 92) is **GRANTED**; Plaintiff's Motion for Second Entry of Documents (Doc. 96) is **DENIED AS MOOT**; Plaintiff's Motion to Reply (Doc. 103) is **DENIED AS MOOT**; and Plaintiff's Motion for Objection (Doc. 105) is **DENIED AS MOOT**. Based on the foregoing dismissal of this action, the remaining motions, namely Plaintiff's Motion to Amend (Doc. 71), Plaintiff's Motion to Amend (Doc. 72), and Plaintiff's Motion to Appoint Counsel (Doc. 73) are rendered moot. These remaining motions (Docs. 71, 72, 73) are therefore **DENIED AS MOOT**.

**SO ORDERED**, this ___21st___ day of March, 2007.

          /s/W. Louis Sands
         **THE HONORABLE W. LOUIS SANDS,**
         **UNITED STATES DISTRICT COURT**

---

[1] The Court notes that while it is remarked in the Recommendation that it "appears that Defendant Powell and Richards are entitled to summary judgment as to any claims made against them in their individual capacities," it is indeed recommended that Defendants' Motion to Dismiss be granted.